IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIAN PRATT WATERMAN ARCHER
and JANE GOCHENOUR ARCHER                                              PLAINTIFFS

V.                              CASE NO. 5:19-CV-5075

STANLEY V. BOND
and STANLEY V. BOND, LTD.                                              DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are a Motion to Exclude Expert (Doc. 30) and Brief in Support (Doc. 30) filed by Defendants Stanley V. Bond and Stanley V. Bond, Ltd. (collectively, "Bond"). Plaintiffs Julian Pratt Waterman Archer and Jane Gochenour Archer (collectively, "the Archers") filed a Response in Opposition to the Motion (Doc. 40).

Bond contends that the Archers' expert witness, Linda McAleer, is not qualified to offer expert testimony because "the crux of the case" involves a Chapter 11 bankruptcy, and Ms. McAleer has never handled a Chapter 11 case, much less one in Arkansas. Bond also seeks to exclude Ms. McAleer's expert testimony because she applied the "wrong legal standard" for legal malpractice claims under Arkansas law.

The decision whether to exclude expert testimony is committed to a district court's discretion—subject, of course, to the Federal Rules of Evidence, including Rule 702. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (2014). Rule 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

1

The proponent of expert testimony bears the burden of showing by a preponderance of the evidence that these requirements are satisfied, but "Rule 702 favors admissibility if the testimony will assist the trier of fact, and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir.1998) (internal citation and quotation marks omitted). "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Hose v. Chi. N.W. Transp. Co.*, 70 F.3d 968, 974 (8th Cir.1995) (internal quotation marks omitted).

After due consideration of the parties' briefing, the Court finds that Ms. McAleer is qualified to offer expert testimony on bankruptcy law and the standards of practice for attorneys engaged in representing debtors in federal bankruptcy proceedings. According to her CV, Ms. McAleer graduated from law school in 2005, is licensed by the state and federal courts of California, and maintains a practice of "handling consumer bankruptcies, debt defense, and debt settlement." (Doc. 40-1).  She has "filed almost 500 bankruptcies including over 420 Chapter 7s, 59 Chapter 13s and one Chapter 12." *Id.* The fact that Ms. McAleer has practiced bankruptcy law for over a decade but has never handled a Chapter 11 bankruptcy or an Arkansas bankruptcy is not disqualifying.  "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100 (8th Cir. 2006) (quotation marks and citation omitted).

In her deposition, Ms. McAleer explained that Mr. Bond's representation did not demonstrate  "best practices" in advising debtors pursuing federal bankruptcy remedies. Bond correctly objects to any expert opinions based on a best-practices standard of care.

But the Archers maintain that they "do not intend to offer, through Ms. McAleer or otherwise, any opinion evidence suggesting that the concept of 'best practices' should be considered by the jury." (Doc. 40, p. 4).  Indeed, as Bond's own motion concedes, Ms. McAleer's expert report correctly identifies the elements and standards of an Arkansas legal malpractice claim. See Doc. 40-2, p. 7.  In her report, Ms. McAleer opines as to numerous instances and circumstances in which Bond's representation fell below the standard of care for an Arkansas attorney representing debtors in federal bankruptcy proceedings.  See, e.g., Doc. 40-2, pp. 8-15. Yet Bond's motion does not engage with or object to the offering of those opinions for any more specific reasons. Obviously, the Court will not permit Ms. McAleer to offer opinions based on a "best practices" legal standard and Bond should object at trial if she attempts to do so.  Moreover, the Court observes that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595 (1993).

**IT IS THEREFORE ORDERED** that the Motion to Exclude Expert (Doc. 30) filed by Defendants Stanley V. Bond and Stanley V. Bond, Ltd., is **DENIED**.

**IT IS SO ORDERED** on this 21st day of August 2020.

                                                                                           _____
                                                                                            TIMOTHY L. BROOKS
                                                                   UNITED STATES DISTRICT JUDGE